# First National Bank of Paducah v. City of Paducah.

(Decided February 12, 1924.)

## Appeal from McCracken Circuit Court.

Eminent Domain—City's Determination of Necessity for Condemnation of Property Not Reviewable by Court.—A city constructing sewers had the right and power to condemn and appropriate private property for a right of way for a sewer line, even though it owned a street along which it could have constructed the sewer; the authority to determine whether appropriation of lands is for public use and the necessity of it being vested in the governing authority of the city and not in the courts under Ky. Stats., section 3095.

MOCQUOT, BERRY & REED for appellant.

ROSCOE REED for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

In carrying out a municipal improvement program, the appellant, city of Paducah, laid off its territory into three sewerage districts, and in 1922 effectuated a $600,-000.00 bond issue with which to build the trunk line sewers in certain named districts. The trunk line sewers were located with laterals extending in different directions and a map made showing the location of each, all of which was duly and regularly adopted by the city commissioners. Most of these sewers were laid along the streets but some of them were laid over, under and through private property. After the election and before the sewers were constructed the city brought a condemnation suit against a great number of property holders next to the Tennessee river to condemn a right of way for the trunk line sewer which empties into that river. Among those property holders was appellant, First National Bank of Paducah. It owned a small plot of ground on the river front running back to a street and facing thereon something more than 600 feet. A part if not all of this lot was below the high water. Some of it lay below the river bank on the slope that goes down to low water mark. The right of way which the appellee city sought to condemn for the sewer line ran along under the bank. After the location of the line the city caused the court to appoint three commissioners, as provided by section 3095a Kentucky Statutes, for appraising the damages. After being sworn the com-

missioners entered upon the discharge of their duties and viewed the right of way across the property of appellant bank and appraised the easement for the sewer across that property at $5.00 but allowed no indirect damages. The bank filed exceptions to the report of the commissioners, whereupon a jury trial was had resulting in a verdict in favor of the bank for $50.00. From the judgment entered upon that verdict the bank appeals to this court. In its brief the bank makes but one point: It insists that the city did not have the right or power to condemn and appropriate private property for a right of way for a sewer line when it owned a street running almost parallel with the river and the proposed sewer line that might have been employed for the same purpose.     It insists that the authority to determine whether the appropriation of lands is for a public use and the necessity of it is vested in the courts and that the governing authority of the city cannot determine the question of whether it is a public use, or the necessity therefor. Kentucky Statutes, section 3095 and its subsections, specifically provide for the condemnation of lands in such cases, saying:

> "Whenever, in the opinion of the general council, board of commissioners, or other governing body of any city of the second class, land or other property or right of way or easement over or through any property may be needed by the city for the purpose of opening, extending or widening any street, alley or other public way or sidewalk or for the erection of any public building or structure, or for the laying or construction of any sewer or sewerage disposal field or plant, &c., the said general council, board of commissioners may, by resolution, recite in such, need, order the condemnation of such land or other property."

The whole mode of procedure is set out in the act. As the city of Paducah is under the commission form of government the commissioners had the right to declare the public use and the necessity. This was done by proper ordinance passed by the board. The sufficiency of the proceedings leading up to the issual of the bonds, the laying out of the sewer system and the letting of the contract for the construction thereof, are not assailed, the only question being the right of the city to determine the necessity for condemnation of private property for public use, and its right to declare the public use. In consid-

ering this question in the case of Marz v. Newport, a city of the second class, reported in 173 Ky. 148, we said:

"The court sustained a demurrer to the petition as amended, and, upon plaintiff's failure to further amend, the petition was dismissed and he appeals.

"1. There is no allegation in the petition, or in the amendments thereto, that there was any irregularity in the proceedings of the city in reference to the estimates, the passage of the ordinance, the acceptance of the bid, or in the making of the contract. Neither is there any allegation that the board of commissioners, in letting the contract, acted fraudulently or in bad faith.

"It is a fundamental rule that discretionary powers vested in public officers are not subject to judicial control, and that unless legal limitations exist, the power to open, improve, pave and maintain streets, establish sewers and drains and secure public improvements of all kinds, is discretionary with the proper municipal authorities; and, if the governing law has been observed, their action in that respect is not subject to judicial review, except in cases expressly provided by law. McQuillan on Municipal Corporations, section 1834. It is only in cases where the municipal authorities have acted fraudulently that their action can be reviewed by the courts. Meyers v. City of Covington, 103 Ky. 546; Bullitt v. Selvage, 20 Ky. L. R. 599; 47 S. W. 255; Trapp v. City of Newport, 115 Ky. 840; Campbell v. Southern Bitulithic Co., 32 Ky. L. R. 799, 106 S. W. 1189; Louisville Steam Forge Co. v. Gast, 115 S. W. 761."

The opinion in that case seems to be conclusive of the question here presented.

Finding no error prejudicial to the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.